1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

NICKOLAS J. BARTH,

9

Plaintiff,

Case No. C18-897-RAJ-JPD

10

v.

11

PATRICIA CHRISTIANSEN, *et al.*,

REPORT AND RECOMMENDATION

12

Defendants.

13

14

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

15

This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff is a former state

16

prisoner who filed this action while confined at the Monroe Correctional Complex ("MCC") –

17

Twin Rivers Unit ("TRU").  Plaintiff alleges in his complaint violations of his constitutional

18

rights and violations of the Americans with Disabilities Act ("ADA") arising out of the manner

19

in which defendants treated plaintiff's multiple sclerosis while he was confined at MCC-TRU.

20

Plaintiff names as defendants in this action the Washington Department of Corrections ("DOC")

21

and various DOC employees and officials.  Plaintiff seeks declaratory relief and damages.  The

22

DOC now moves to dismiss the claims asserted against it in this action.  Plaintiff has not filed

23

any response to the DOC's motion to dismiss.  This Court, having reviewed plaintiff's

REPORT AND RECOMMENDATION - 1

1   complaint, the DOC's motion to dismiss, and the balance of the record, concludes that the

2   DOC's motion should be granted, and that plaintiff's claims against the DOC should be

3   dismissed with prejudice.

4                                    BACKGROUND

5           Plaintiff filed the instant action in June 2018 while he was confined at MCC-TRU. (*See*

6   Dkt. 1.)  Plaintiff had been diagnosed with multiple sclerosis ("MS") at some point prior to his

7   arrival at TRU in the summer of 2015. (*See* Dkt. 7 at 3.)  After arriving at TRU, plaintiff's

8   disease, which had apparently been relatively stable, began progressing. (*See id*.)  According to

9   plaintiff, he started off managing his symptoms comfortably and was receiving satisfactory

10  medical care, including medication for his pain. (*Id*.)  However, in November 2016, the DOC

11  Care Review Committee ("CRC") found that plaintiff's request for pain management was not

12  medically necessary and declined to continue the pain medication. (*Id.*).  Plaintiff appears to

13  assert that he was thereafter denied care by TRU medical staff when he sought treatment for

14  "extreme pain." (*Id*.)

15          Plaintiff states that another significant symptom associated with his disease is fatigue, a

16  symptom which caused him to fall asleep or become drowsy throughout the day and got worse as

17  his M.S. progressed. (*Id*. at 5.)  According to plaintiff, the fatigue affected his ability to

18  participate in two classes in which he was enrolled; *i.e.*, small business class and beekeeping

19  class. (*See id*.)  Plaintiff was sent to a specialist who prescribed a medication, apparently to

20  address the fatigue, but the CRC, in March 2017, found that the medication recommended by the

21  neurologist was not medically necessary because plaintiff was already receiving "one of the first

22  line pharmaceutical agents for fatigue." (*Id*. at 5, 19.)

23

REPORT AND RECOMMENDATION - 2

1      In May 2017, plaintiff was unable to stay awake in his small business class and was

2  informed that he would be reprimanded by officers if he was falling asleep.  (Dkt. 7 at 5.)  In

3  June or July 2017, a multi-disciplinary care conference was convened to discuss

4  accommodations that may be needed to facilitate the continuation of plaintiff's education in light

5  of his medical condition.  (*Id*. at 5, 19.)  It was decided at that meeting that plaintiff would only

6  go to school half-time.  (*Id*. at 5.)  Plaintiff asserts that shortly after that decision was made, he

7  received an infraction for being unable to stay awake in class.  (*Id*.)  Plaintiff further asserts that

8  in March 2018, he was forced to drop his beekeeping class because of his fatigue.  (*Id*.)

9                                          DISCUSSION

10      The DOC moves for dismissal of the claims asserted against it under Rules 12(b)(1) and

11  12(b)(6) of the Federal Rules of Civil Procedure.  Pursuant to Rule 12(b)(1), a district court may

12  dismiss a pleading, or any portion thereof, for lack of subject matter jurisdiction.  Pursuant to

13  Rule 12(b)(6), a district court may dismiss a pleading, or any portion thereof, for failure to state a

14  claim upon which relief may be granted.  Dismissal under Rule 12(b)(6) "can be based on the

15  lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

16  theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint

17  must allege facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556

18  U.S. 662, 678 (2009).  In considering a motion to dismiss, the Court accepts all facts alleged in

19  the complaint as true, and makes all inferences in the light most favorable to the non-moving

20  party.  *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations

21  omitted).

22

23

REPORT AND RECOMMENDATION - 3

1.   Constitutional Claims

Plaintiff asserts that the DOC was deliberately indifferent to his disability and to his need for accommodation, that it condoned the punishment of plaintiff based on his disability, and that it failed to ensure plaintiff received appropriate care from his healthcare providers, all in violation of the Eighth and Fourteenth Amendments.  The DOC argues that the civil rights claims alleged against it are barred by the Eleventh Amendment and should therefore be dismissed.  (Dkt. 12 at 4-5.)  The DOC further argues that to the extent plaintiff alleges it violated his rights under the Eighth and Fourteenth Amendments, he has not stated any claim upon which relief may be granted because the DOC is not subject to suit under § 1983.  (*Id*. at 5-6.)  Defendant is correct.

It is well established that the state and its agencies are not subject to § 1983 claims because they are not "person[s]" within the meaning of that section, and because they are entitled to immunity under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Thus, to the extent plaintiff alleges civil rights violations under § 1983 against the DOC, his claims must be dismissed with prejudice.

2.   ADA Claims

Plaintiff also asserts that the DOC violated the ADA when it failed to accommodate his disability, M.S., in authorized programs; *i.e.*, plaintiff's small business and beekeeping classes. (Dkt. 7 at 7-8.)  Plaintiff's complaint make clear that the accommodation he believes he should have been provided was a medication for fatigue management which was recommended by his neurologist but denied by the CRC.  (*See id*. at 7.)  Plaintiff maintains that the DOC forced him to drop one of his classes by refusing to provide the recommended medication.  (*Id*.)  The DOC makes numerous arguments as to why plaintiff's ADA claim should be dismissed, but the Court

REPORT AND RECOMMENDATION - 4

need address only one of those arguments; *i.e.*, that plaintiff has not stated a cognizable claim for violation of the ADA.  (*See* Dkt. 12 at 6-12.)

In order to establish a violation of Title II of the ADA, a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with respect to a public entity's provision of a service, program, or activity; and, (3) such exclusion or discrimination was by reason of his disability.  *See*, *e.g.*, *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001).  While plaintiff asserts at one point in his complaint that the DOC, through its employees, discriminated against him by refusing to accommodate his disability (*see* Dkt. 7 at 8), this claim was stated in a conclusory fashion and was not supported by any facts elsewhere in the pleading.

The essence of plaintiff's claim is that the DOC violated the ADA by depriving plaintiff of medication which would have lessened the fatigue associated with his MS.  As the Ninth Circuit explained in *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011 (9th Cir. 2010), "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability."  *Id*. at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.")).  Thus, to the extent plaintiff alleges violations of the ADA against the DOC, his claims must be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, this Court recommends that the DOC's motion to dismiss be granted and that plaintiff's claims against the DOC be dismissed with prejudice, pursuant to Fed.

REPORT AND RECOMMENDATION - 5

R. Civ. P. 12(b)(1) and 12(b)(6), for failure of plaintiff to state any cognizable claim for relief against this defendant.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 4, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 7, 2018.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 13th day of November, 2018.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6